Benjamin Brenner, J.
The defendant, an insurance company, moves to vacate a default judgment and to compel the plaintiff to accept a tardy answer in an action brought to recover the sum agreed upon in settlement of a personal injury suit brought against the defendant’s insured. The court is satisfied that the default was not willful in that the 10-day delay in interposing the answer was due to an office oversight. The remaining question is whether the proposed defense is sufficiently meritorious to warrant the opening of the default.
*355 The defendant’s principal reason for its refusal to pay the settlement money is that no administrator has been appointed for the estate of the insured who died following the commencement of the personal injury suit and that, consequently, the proffered release was faulty. Each of the parties contends that the other is obliged to secure the appointment of such administrator.
It is, of course, the obligation of an insurance company, under its policy of liability insurance, to pay or defend a claim and to legally represent not only the insured relative to such claim, but his heirs as well. However, the plaintiff has not offered authority and I have been unable to discover any to the effect that such obligation includes a duty to procure the appointment of an administrator in behalf of the estate of the insured. Nor do the statutes (Civ. Prac. Act, § 84; Surrogate’s Ct. Act, § 89) which authorize the appointment during suit, prescribe who has the responsibility to apply for the appointment.
I believe that this duty falls squarely upon the plaintiff (Lemma v. Laurino, 235 App. Div. 628). Certainly no such duty devolves upon the insurer where the insured dies prior to commencement of suit. And, following commencement of suit, the action abates except as it may be revived pursuant to section 118 of the Decedent Estate Law. (O’Brien v. Flynn, 228 App. Div. 704.)
In negotiating settlement of a claim or suit against a deceased insured, the insurer must be careful that his estate be protected. However, such protection is the better afforded where the insurer refuses to take the initiative relative to the appointment of an administrator. And it would seem that this protection would be lacking if the insurer did not insist that the plaintiff procure an amended order of compromise, disclosing the death of the defendant pending suit and the appointment of an administrator and have such administrator execute and deliver a release in proper form. (O’Brien v. Flynn, supra.) Thus the obligation to protect the insured and his heirs makes it imperative for the insurance company to refrain from making payment of the settlement sum negotiated until all of these preliminary steps have been carried out by the plaintiff.
There having been an adequate showing of a meritorious defense as well as an excusable default, this motion is granted.
Settle order on notice.